UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANYELO ILIZASTIGUI GRINAN (A No. 244-617-886),<br><br>Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>Respondents. | Case No. 1:26-cv-05094-JLT-EPG<br><br>ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; DENYING THE MOTION TO APPOINT COUNSEL; AND DIRECTING CLERK OF COURT TO CLOSE THE CASE<br><br>(Docs. 1, 2, 3) |

Before the Court is Anyelo Ilizastigui Grinan's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and underlying petition, asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) as an applicant for admission, or in the alternative under § 1231(a)(2)(A) for failure to voluntarily depart within the deadline. (Doc. 9 at 1–3.) For the reasons set forth below, the Court **DENIES** the habeas petition.[1]

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 8.) Neither party requests a hearing or further briefing. (Doc. 9 at 2; Doc. 12.) Accordingly, and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## I. FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Cuba who entered the United States on July 10, 2024, where he was encountered by federal immigration officials. (Doc. 9 at 12.) Petitioner entered the United States with a scheduled CBP One appointment to eventually apply for adjustment of status under the Cuban Adjustment Act. (*Id.*; Doc. 12 at 1.) The Department of Homeland Security released the Petitioner on parole and issued a Notice to Appear charging him as removable under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. (Doc. 9 at 6–9, 12.) Petitioner was paroled into the country until April 18, 2025. (*Id.* at 17.) Petitioner applied for I-485 adjustment of status approximately one year after entry. (Doc. 12 at 1.) Petitioner indicates that he has a pregnant wife and family living in the United States. (*Id.*)

On April 4, 2026, Petitioner was arrested by local police in Texas for theft of property, and on May 30, 2026, transferred into ICE custody. (Doc. 9 at 17, 24.) Petitioner's criminal case disposition was "held" and there is no current criminal case pending. (*Id.* at 17.) Apart from this arrest, Petitioner has no other criminal history. (*Id.*) On June 15, 2026, Petitioner and DHS filed a joint motion to withdraw Petitioner's application for adjustment of status with the immigration court. (Doc. 13 at 4–7.) In doing so, Petitioner agreed to withdraw his pending application, conceded the charge of removability, and waived the right to an appeal. (*See* Doc. 13 at 5.) Petitioner also requested pre-conclusion voluntary departure. (*See id.* at 14.) Respondents argue that, according to the certificate of interpretation, Petitioner was made aware of everything in the Spanish language and knowingly and willingly accepted voluntary departure. (*Id.* at 1, 6–7.) By contrast, Petitioner argues that he was "not fully aware" of the consequences of withdrawing said application and accepting voluntary departure "due [to] [] lack of information in [his] native language and [] mental manipulation by ICE agents." (Doc. 12.)

On June 17, 2026, the Immigration Judge granted Petitioner's motion to withdraw his application for adjustment of status and his request for pre-conclusion voluntary departure. (Doc. 13 at 11, 14.) In doing so, the IJ gave Petitioner until July 17, 2026, to voluntarily depart.[2] (*Id.* at

[2] Upon discovering the voluntary departure order, this Court issued a minute order asking Petitioner if he wished to proceed with voluntary departure. (Doc. 10.) Petitioner filed a response indicating that he did

14.) The IJ's order indicated that "if any of the above-ordered conditions are not met as required or if the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective." (*Id.*) Respondents now argue that Petitioner's failure to depart by July 17, 2026, as required by the IJ's order, resulted in a final order of removal, rendering Petitioner subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (Doc. 16 at 1.) In doing so, Respondents indicate that Petitioner failed to file an appeal or a motion to reopen with the immigration court or Board of Immigration Appeals. (*Id.*)

## II. DISCUSSION

Section 1226(a) applies "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1231, on the other hand, applies once a noncitizen is "ordered removed." 8 U.S.C. § 1231(a). Section 1226 thus "governs the detention of aliens until § 1231's 'removal period' begins. [T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533–34 (2021). To resolve this case, the Court must determine whether Petitioner was ordered removed and whether such order is now final. *Id.* at 534.

Here, the IJ granted voluntary departure on June 17, 2026, and Petitioner had until July 17, 2026, to voluntarily depart. By virtue of the IJ's order and applicable regulation, Petitioner's failure to depart by July 17, 2026, would result in an alternate order of removal on July 18, 2026.[3] (*See* Doc. 13 at 14); 8 C.F.R. § 1240.26(d) ("Upon granting a request made for voluntary departure either prior to the completion of proceedings or at the conclusion of proceedings, the immigration judge shall also enter an alternate order of removal."). Based on the record before this Court, Petitioner's order of removal is now final. Petitioner did not file an appeal to the

---

not wish to proceed with voluntary departure and contending that any such acceptance was uninformed and involuntary. (Doc. 12.)

[3] The IJ's order reads: "if the Respondent fails to depart as required, the above grant of pre-conclusion voluntary departure shall be withdrawn without further notice or proceedings and the following order, entered pursuant to 8 C.F.R. § 1240.26(d), shall become immediately effective." (Doc. 13 at 14.)

Board of Immigration Appeals, did not withdraw his voluntary departure, and did not file a motion to reopen or reconsider with the immigration court.[4] (*See* Doc. 16 at 1.)

In *Ortega*, the petitioner similarly filed a habeas petition to invalidate his voluntary departure paperwork based on duress and coercion. *Ortega v. Warden of Golden State Annex ICE Detention Facility*, No. 1:25-cv-01856-DAD-CSK, 2026 WL 836323, at *1 (E.D. Cal. Mar. 25, 2026). Although the petitioner there "withdrew his request for voluntary departure [] to reopen his immigration case," the Court still found he was subject to a final removal order and mandatory detention under 8 U.S.C. § 1231 under applicable regulations. *Id.*; *see also Parra v. Warden, California City Correctional Center*, No. 2:26-cv-00711-DC-CSK, 2026 WL 848088, at *1, 3 (E.D. Cal. Mar. 27, 2026) (finding that petitioner was subject to a final order of removal and mandatory detention under § 1231(a) because petitioner failed to withdraw his request for voluntary departure and failed to appeal the IJ's order); *Alvarado v. Warden of Golden State Annex*, No. 1:26-cv-00112-JLT-EPG, 2026 WL 1113791, at *3–4 (E.D. Cal. Apr. 24, 2026) (same).

Similarly, here, Petitioner is subject to a final order of removal under applicable regulations. *See* 8 C.F.R. § 1240.26(d). Petitioner's alternate order of removal took effect July 18, 2026, when Petitioner failed to voluntarily depart by July 17, 2026. (*See* Doc. 13 at 14.) The order became administratively final "[u]pon expiration of the time allotted for an appeal." *See* 8 C.F.R. § 1241.1(c). The deadline to file an appeal was on or around August 17, 2026, and the removal period began on that date. *See* 8 C.F.R. §1003.38(b); 8 U.S.C. § 1231(a)(1)(B)(i). Therefore, Petitioner is currently subject to mandatory detention during a ninety-day removal period, as set forth in 8 U.S.C. §§ 1231(a)(1)(A), (a)(2)(A). *See Gregorio v. Warden*, No. 2:26-

[4] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that no appeal to the BIA was received for this case. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 17, 2026). The deadline to file any such appeal has now passed. *See* 8 C.F.R. § 1003.38(b). The IJ granted voluntary departure on June 17, 2026, and the alternate order of removal became effective on July 18, 2026. (*See* Doc. 13 at 14.) Because thirty days have now passed since either the entry of the IJ's voluntary departure order, or the day the alternate order of removal went into effect, that order is final. *See* 8 C.F.R. § 1241.1(c) (an order of removal becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time").

cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (finding that petitioner—who failed to appeal the IJ's grant of voluntary departure—was subject to an administratively final order of removal and mandatory detention, thereby denying habeas relief). Since such ninety-day period has not yet passed, the Court **DENIES** habeas relief.[5]

To the extent Petitioner challenges his acceptance of voluntary departure as involuntary and uninformed, Petitioner fails to establish how this Court has jurisdiction to review such claim. (*See* Doc. 12); *Ortega*, 2026 WL 836323 at *2 (refusing to address petitioner's argument that his voluntary removal agreement was made under duress because doing so would "involve [] vacating [] an immigration judge's removal order," which the court lacks jurisdiction to do); *Alvarado*, 2026 WL 1113791, at *4 (rejecting a claim regarding involuntary acceptance of voluntary departure for lack of jurisdiction because it would require the court to invalidate the order of removal). The Immigration Nationality Act limits judicial review in matters which involve the executive's decision to "commence proceedings, adjudicate cases, <u>or execute removal orders against any alien</u>." 8 U.S.C. § 1252(g) (emphasis added). It is unclear how this Court has jurisdiction to adjudicate the involuntary acceptance issue as it would, in essence, require the Court to invalidate the removal order. Seeing as Petitioner's habeas claim here is an indirect challenge to a removal order, the Court **DENIES** habeas relief on this ground as well. *Alvarado*, 2026 WL 1113791, at *4–5; *Ortega*, 2026 WL 836323 at *2; *Martinez v. Napolitano*, 704 F.3d 620, 622–23 (9th Cir. 2012) (holding that under 8 U.S.C. § 1252, the district court lacks jurisdiction to hear indirect challenges to a removal order).

Accordingly, the Court **ORDERS**:

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

---

[5] "A petition challenging detention under section 1226 is rendered moot when detention authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016). Because this Court determines that Petitioner is now subject to 8 U.S.C. § 1231(a)(2), the Court does not consider whether petitioner's initial detention was governed by 8 U.S.C. § 1226(a) or whether that detention violated due process. *See Ortega*, 2026 WL 836323, at *2 n.2; *Aguilar Garcia v. Kaiser*, No. 3:25-cv-05070-JSC, 2025 WL 2998169, at *2 (N.D. Cal. Oct. 24, 2025) (finding that the detention authority applicable to the petitioner had changed to § 1231 when his removal order became final). In the event, however, Petitioner's detention becomes prolonged under § 1231, Petitioner may seek to challenge his detention at that time. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

2. The motion for temporary restraining order (Doc. 2) is **DENIED** as **MOOT**.
3. The motion to appoint counsel (Doc. 3) is **DENIED**.[6]
4. The Court's order prohibiting Petitioner's transfer out of this District and preventing Petitioner's removal from the United States (Doc. 8) is **RESCINDED**.
5. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: August 17, 2026

UNITED STATES DISTRICT JUDGE

[6] Petitioner asks this Court to appoint counsel in his habeas action. (Doc. 3.) Title 18 U.S.C. § 3006A(a)(2)(B) authorizes the appointment of counsel at any stage of the case if "the interests of justice so require." Because the Court **DENIES** the habeas petition upon finding that Petitioner is subject to a final order of removal, the interests of justice do not require appointment of counsel.